**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SEE, SELL, SOLD! AUCTIONS** | § | |
| | § | |
| **V.** | § | **CIVIL NO. 4:25-CV-1187-P** |
| | § | |
| **ACE PROPERTY AND CASUALTY** | § | |
| **INSURANCE COMPANY, ET AL.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING
DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND OR
SEVER**

Pending before the Court is Defendant Taniesha Johnson d/b/a Save The Day Medical Supplies ("Save the Day Supplies")'s Rule 12(b)(1) Motion to Dismiss ("Motion to Dismiss") [doc. 30], filed January 27, 2026, and *pro se* Plaintiff Marcus Harris d/b/a See, Sell, Sold! Auctions ("Plaintiff" or "See, Sell, Sold!")'s Corrected Motion for Leave to Amend Jurisdictional Allegations or to Sever Non-Diverse Party ("Motion to Amend or Sever") [doc. 35], filed January 27, 2026. Having carefully considered the Motions, other relevant filings, and applicable law, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's Motion to Amend or Sever be **DENIED**. As set forth below, this Court does not have subject matter jurisdiction to hear this case as the parties are not diverse and Plaintiff has not plead a federal question claim against Defendants; further, any amendment of jurisdictional allegations would be futile, and severance of Save the Day Supplies is not proper.

## I. BACKGROUND

On November 13, 2025, Plaintiff filed his First Amended Complaint asserting various state law claims against Defendants Save the Day Supplies and ACE Property and Casualty Insurance Company ("ACE"), as well as a claim for declaratory judgment under 28 U.S.C. § 2201.

1

(Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 1-2.)  These claims all arise from the following alleged facts:

> Plaintiff consigned medical supplies to Save The Day Supplies under an October 3, 2022 Consignment Agreement which required Save The Day Supplies to be responsible for all shortages, loss, or damage while in its possession, and to maintain insurance covering Plaintiff's property. On June 2, 2023, a fire destroyed all consigned property stored in Save The Day Supplies' warehouse. Plaintiff submitted claims for the loss. ACE/Chubb paid $474,607.35 under the Businessowners Property Coverage but denied liability and umbrella coverage.
>
> . . .
>
> Save The Day Supplies breached the Consignment Agreement by failing to safeguard Plaintiff's consigned property and failing to insure against loss or damage. This breach directly caused Plaintiff's damages.

(Pl.'s Am. Compl.at 1.)

## II.    LEGAL STANDARD

This Court must be careful not to exercise jurisdiction where no basis for it exists.  *See Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 356 F. Supp. 3d 612, 615 (N.D. Tex. 2019). Even if no party were to contest subject matter jurisdiction, this Court must raise the issue *sua sponte.  See id.*; Fed. R. Civ. P. 12(h)(3).  The party asserting federal jurisdiction "has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists."  *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).  "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  Of note, "the federal declaratory judgment statute, 28 U.S.C. § 2201 . . . offers no independent ground for jurisdiction. Rather, it permits the award of declaratory relief only when other bases for jurisdiction are

present." *TTEA v. Ysleta del Sur Pueblo*, 181 F.3d 676, 681 (5th Cir. 1999) (citing *Jones v. Alexander,* 609 F.2d 778 (5th Cir.1980)).

Diversity jurisdiction over civil claims exists when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and" is between "citizens of different States." 28 U.S.C. § 1332(a). For diversity jurisdiction to exist, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quoting *Harrison v. Prather,* 404 F.2d 267, 272 (5th Cir.1968)). "For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). "A corporation is 'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). "Case law suggests that the citizenship of a sole proprietorship for diversity purposes is determined by the citizenship of its members and/or owners." *Alston v. Prairie Farms Dairy, Inc.*, No. 418CV00157DMBJMY, 2018 WL 11270947, at *2 (N.D. Miss. Oct. 24, 2018) (citing *Linder Enterprises v. Martinrigle, No. 07-1733*, 2007 WL 3095382 (N.D. Tex., Oct. 22, 2007)).

### III.    ANALYSIS

#### A. <u>Subject Matter Jurisdiction</u>

Here, Plaintiff states that this Court has jurisdiction because of federal diversity subject matter jurisdiction. (*See* Plaintiff's Motion to Amend or Sever ("Pl.'s Mot. to Am.") at 7.)   In another motion, Plaintiff stated that "See, Sell, SOLD! Auctions is . . . a sole proprietorship owned and operated by Marcus Harris[.]" (Plaintiff's Motion to Vacate or Amend Order Requiring

Counsel at 1.)  Plaintiff further stated that "Marcus Harris is a natural person domiciled in Texas and is therefore a citizen of Texas."  (Pl.'s Mot. to Am. at 8.); *see MidCap Media Fin., L.L.C.*, 929 F.3d at 313.  As a result, Plaintiff is a citizen of Texas for diversity purposes.  *See Alston*, 2018 WL 11270947, at *2.  Similarly, Defendant Save the Day Supplies is a citizen of Texas for diversity purposes.  (*See* Pl.'s Mot. to Am. at 7 ("Defendant 'Save the Day Supplies' is not a separate legal entity; it is an assumed name used by Taniesha Johnson, a natural person domiciled in Texas.  To the extent Save the Day treated as a party, it is a Texas citizen and is non-diverse as to Plaintiff.")); *see MidCap Media Fin., L.L.C.*, 929 F.3d at 313; *see also Alston*, 2018 WL 11270947, at *2.  Since Plaintiff and Defendant Save the Day Supplies are both citizens of Texas, diversity jurisdiction does not exist in this case.  *See McLaughlin*, 376 F.3d at 353.

No party claims that federal questions jurisdiction exists; however, out of an abundance of caution the Court will briefly address it. As noted above, Plaintiff is asserting various state law claims against Save the Day Supplies and ACE.  (Pl.'s Am. Compl. at 1-2.)  These state law claims do not give rise to federal question jurisdiction.  *See Gunn*, 568 U.S. at 258.  Plaintiff's remaining claim for declaratory judgment under 28 U.S.C. § 2201 also does not give rise to federal question jurisdiction.  (*See* Pl.'s Am. Compl. at 1-2); *TTEA*, 181 F.3d at 681 (stating that "28 U.S.C. § 2201 . . . offers no independent ground for jurisdiction").  Consequently, the Court **FINDS AND CONCLUDES** that federal question jurisdiction does not exist here.

### B. <u>Severance</u>

Plaintiff also requests that "[i]f the Court concludes that Save the Day's presence defeats complete diversity," to drop or sever Save the Day from this suit under Federal Rule of Civil Procedure ("Rule") 21.  (Pl.'s Mot. to Am. at 3.)  Rule 21 permits a district court to "drop a nondiverse party whose presence is not essential to the suit to preserve and perfect diversity

4

jurisdiction." *Aetna Cas. & Sur. Co. v. Hillman,* 796 F.2d 770, 774 (5th Cir. 1986); *see also Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 834 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time."). Here, however, Save the Day Supplies is essential to the suit because "'an injured party cannot sue [a] tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment.'" *Durham v. Hallmark Cnty. Mut. Ins. Co.*, No. 11-16-00183-CV, 2018 WL 3469257, at \*1 (Tex. App.—Eastland July 19, 2018, pet. denied) (quoting *Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex. 1997)). As such, this suit cannot proceed in the absence of Save the Day Supplies.

## RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant Save the Day Supplies's Rule 12(b)(1) Motion to Dismiss [doc. 30] be **GRANTED**. Further, the Court **RECOMMENDS** that See, Sell, Sold! Auctions' Corrected Motion for Leave to Amend Jurisdictional Allegations or to Sever Non-Diverse Party [doc. 35] be **DENIED**. The Court further **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to an action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation ("FCR") within fourteen (14) days after the party has been served with a copy of such FCR. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a

5

proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **March 4, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 18, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

6